# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ALRECKA EUGENE MCDOUGALD, | ) | |
| | ) | |
| Petitioner, pro se, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 1:10CV466 |
| | ) | 1:07CR110-1 |
| Respondent. | ) | |

Petitioner Alrecka Eugene McDougald, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 25).[1] Petitioner was indicted on, and later pled guilty to, a single count of possession of a firearm in commerce by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e) (docket nos. 6, 9, 10). Petitioner was sentenced as an Armed Career Criminal to 210-months imprisonment (docket no. 12). He did not file a timely direct appeal, but he did file an untimely notice of appeal nearly a year and a half after his judgment had been entered (docket no. 18). That appeal was dismissed based on a failure by Petitioner to prosecute it (docket no. 23). Petitioner later submitted his motion under Section 2255. Respondent has filed a motion seeking to have Petitioner's motion dismissed (docket no. 33), Petitioner has filed a response (docket no. 35), and the parties' motions are now before the court for a decision.

---

[1] This and all further cites to the record are to the criminal case.

**DISCUSSION**

Respondent requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under Section 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under Section 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court or (2) the expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522 (2003). Where no direct appeal is filed, the conviction becomes final when the ten-day notice of appeal period expires. *Id.*; Fed. R. App. P. 4(b). Here, Petitioner's judgment was entered on August 27, 2007, he did not file a timely appeal, and his conviction became final on September 11, 2007. He did not file his 2255 motion until he signed it and submitted it for mailing on June 3, 2010.

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

Therefore, his motion is not timely under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not clearly allege that he is relying upon any such right; however, he does mention the cases of *Chambers v. United States*, ___ U.S. ___, 129 S. Ct. 687 (2009) and *Begay v. United States*, 553 U.S. 137 (2008). Unfortunately for Petitioner, neither of those cases was decided within a year of the filing of his Section 2255 motion. Even if they could otherwise qualify as cases that could mark the beginning of Petitioner's filing period, his 2255 motion would still be out of time. Petitioner also cites to more recent precedent from the Fourth Circuit Court of Appeals, but subsection (f)(3) applies to Supreme Court precedent not circuit-level precedent. This subsection does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claim in his motion is based on facts that

existed and were known to him at the time his conviction became final. Therefore, this subsection also does not apply and Petitioner's motion is untimely.

Petitioner attempts to evade the statute of limitations by claiming that he is "actually innocent" of being an Armed Career Criminal because one of his prior convictions should no longer be considered a crime of violence under the Supreme Court and circuit precedent mentioned above. Claims of actual innocence are often used to attempt to satisfy the "miscarriage of justice" exception to a procedural default. *See Schlup v. Delo*, 513 U.S. 298, 315 (1995). In the context of a motion or petition barred by AEDPA's statute of limitations, there is a significant question as to whether an "actual innocence" exception to the statute of limitations even exists. *Compare Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005) (recognizing an actual innocence exception) *with Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005) (actual innocence is not related to timeliness). If it does, the threshold for meeting that exception is extremely high. Petitioner must produce new evidence showing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. Also, Petitioner would have to show factual innocence and not merely legal insufficiency. *Wright v. Angelone*, 151 F.3d 151, 158 n.2 (4th Cir. 1998).

Here, Petitioner's argument is that he is "actually innocent" of being an armed career criminal because a prior conviction for felony speeding to elude arrest should no longer be counted as a crime of violence which could trigger an Armed Career

Criminal sentencing enhancement. This is not a claim of "actual innocence" as that term has been defined by the Fourth Circuit. To allege such a claim, Petitioner would have to be arguing that he did not commit the crime of felony speeding to elude arrest. *United States v. Pettiford*, 612 F.3d 270, 283 (4th Cir. 2010) ("actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"), *cert. denied*, ___ U.S. ___, 2010 WL 4155808 (Nov. 15, 2010). Petitioner makes no such claim in the present case. In fact, he pled guilty to felony speeding to elude arrest (docket no. 33, ex. b). His claim of actual innocence fails and his motion is untimely.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 33) be **GRANTED**, that Petitioner's motion to vacate, set aside or correct sentence (docket no. 25) be **DENIED,** and that Judgment be entered dismissing this action.

                                                                         _____
                                                                         WALLACE W. DIXON
                                                                         United States Magistrate Judge

Durham, N.C.
December 21, 2010